FILED

DEC 2 8 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) No. CR-10-00900-PJH (DMR) |
|---|---|
| Plaintiff, | ) |
|  | ) DETENTION ORDER |
| v. | ) |
|  | ) |
| DAVID FLYNN DANIELS, | ) |
|  | ) |
| Defendant. | ) |

## I. INTRODUCTION

Defendant David Flynn Daniels was charged in a one-count Indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition). The United States moved for Mr. Daniels' detention and requested a detention hearing as permitted by 18 U.S.C. § 3142(f)(1). Pretrial Services prepared a full bail study which recommended that Mr. Daniels be detained due to risk of danger to the community. On December 23, 2010, the Court conducted a bail hearing during which the parties were given an opportunity to proffer information in support of their positions.

cc: Copy to parties via ECF, Nichole, 2 Certified Copies to US Marshal, Pretrial Services

DETENTION ORDER
CR 10-00900-PJH (DMR)                          1

## II. LEGAL ANALYSIS UNDER THE BAIL REFORM ACT

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or community danger. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases..." *U.S. v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (quoting *U.S. v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985).)

A person facing trial generally shall be released if some "condition, or combination of conditions ... [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). The court must order a defendant detained if the court finds that conditions cannot be fashioned to assure the defendant's appearance in court, or the safety of the community or another person. 18 U.S.C. § 3142(e)(1). The government bears the burden of proof on either prong. To prove that no condition or combination of conditions can assure that the accused will appear at required court hearings, the government must show by a preponderance of the evidence that the accused is a flight risk. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990). The government must prove that defendant poses a non-mitigable danger to the community through clear and convincing evidence. *Motamedi*, 767 F.2d at 1406-1407.

Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature

DETENTION ORDER
CR 10-00900-PJH (DMR)                                              2

and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceeding)), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release.  18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

### A. The Nature and Circumstances Of the Offense

Mr. Daniels is charged as a felon in possession of a firearm and ammunition. Although possession of a firearm by a convicted felon is a serious crime, it is not considered a crime of violence (*see United States Sentencing Guidelines* § 4B1.2 cmt. n.1; *Stinson v. United States*, 508 U.S. 36, 47-48 (1993) and does not gives rise to a rebuttable presumption of detention pursuant to 18 U.S.C. §3142(e)(3)(B).

In this case, Mr. Daniels is charged as a felon in possession of a stolen Smith and Wesson model M&P45 .45 caliber semi-automatic pistol and 19 rounds of RWS .45 caliber ammunition. According to the bail study, Mr. Daniels appears to have sustained two prior state felony convictions in October 2007 stemming from the same incident, one for possession of a controlled substance for sale, and the other for possession of a controlled substance.

The instant offense stems from an October 15, 2010 state court arrest on weapons and drug charges, as well as violation of probation.  Defense counsel proffered that Mr. Daniels was released from state custody shortly after his October 15 arrest, and that it does not appear that the district attorney will be prosecuting the state court charges.

### B. The Weight of the Evidence

The weight of the evidence against Mr. Daniels is unknown, as neither party proffered information regarding this factor.  At any rate, the Ninth Circuit has held that in order to guard against the possibility of making a "preliminary determination of guilt" that then leads to punishment in the form of a refusal to grant release, the weight of the evidence is the least important of the various factors. *Motamedi*, 767 F.2d at 1408.

### C. The History and Characteristics of Defendant and the Nature and Seriousness of the Danger to Any Person or the Community

Mr. Daniels is twenty-two years old and has lived in the Bay Area his entire life. He has resided with his grandparents for the last eighteen months. He completed the tenth grade. He has been unemployed for approximately two years. Mr. Daniels previously was employed by a janitorial company, where he worked part-time for eight months. In the past year, he was diagnosed with paranoid schizophrenia, and has sporadically attended counseling sessions. In mid-2010 he was prescribed daily medication for his mental health condition, but only takes the medication once a week because he "feels he does not need it."

A review of Mr. Daniel's criminal history record indicates that he was charged in early 2005 with gun and drug-related violations and was sent to juvenile hall. In March 2006 he was arrested for carrying a loaded firearm in public and for possession of marijuana. In April 2006 he sustained a misdemeanor juvenile conviction as a minor in possession of a concealable firearm and live ammunition. In October 2007 he sustained the two drug-related adult felony convictions. In December 2009 he sustained a misdemeanor conviction for carrying a loaded firearm. In October 2010 he was convicted of a misdemeanor charge of reckless driving on the highway.

Defense counsel proffered that, if released, Mr. Daniels would be able to return to live with his grandmother, and that Mr. Daniels' father was prepared to sign an unsecured bond to support his son's release.

### D. Conclusion

The Court's inquiry with respect to the question of pretrial release is whether – considering the factors in section 3142(g) – any conditions or combination of conditions in section 3142(c) will reasonably assure Mr. Daniels' appearance and the safety of the community. The United States has not met its burden of establishing that Mr. Daniels presents a serious flight risk that cannot be mitigated through appropriate conditions of release. However, on the current record, the United States has established by clear and convincing evidence that Mr. Daniels presents a danger to the community. The Court reaches this conclusion primarily based upon the

troubling combination of a pattern of arrests and convictions for carrying loaded weapons in public, coupled with a largely untreated and potentially dangerous mental health condition.

Mr. Daniels has a history of arrests and misdemeanor convictions for carrying loaded firearms in public, in addition to two related felony drug convictions. He also has been diagnosed with a serious mental health condition that, at least in some individuals, can result in violent and erratic behavior. The Court was not provided with any medical information about the nature or severity of his condition; however, Mr. Daniels has admitted that he is non-compliant with his medications. Defense counsel proffered that there may be additional records or other information available regarding Mr. Daniels' mental health treatment that was not obtained by Pretrial Services due to confusion about the name of the treating facility. Although the Court orders that Mr. Daniels be detained at this time, he may request a new hearing should further relevant information come to light.

## IV. CONCLUSION

On the current record, the Court detains Mr. Daniels because he poses a danger to the community that cannot be mitigated through conditions of release. Mr. Daniels shall remain committed to the custody of the Attorney General.

IT IS SO ORDERED.

DATED: December 28, 2010

DONNA M. RYU
United States Magistrate Judge